UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LTD., and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 08087 |
| v. | ) ) | Judge Edmond E. Chang |
| SERRA INTERNATIONAL, THE SERRA INTERNATIONAL FOUNDATION, and TELEDEC LIMITED, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Serra International and the Serra International Foundation (for convenience's sake, referred to as Serra in this opinion) hired Teledec Limited to do some information-technology work. Teledec worked with Serra until Serra stopped paying. Teledec then sued. Once sued, Serra turned to its insurers, Sentinel Insurance Company and Hartford Casualty, seeking coverage and a defense against Teledec's claims. The insurers refused coverage and sued Serra and Teledec in this Court, seeking a declaration supporting their refusal.[1] Now pending are the parties'

---

[1]The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1). R. 25, Serra's Rule 56.1 Statement ¶¶ 1-6. Sentinel is "an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut." *Id.* ¶ 1. Hartford "is an insurance company formed under the laws of Indiana with its principal place of business in Connecticut." *Id.* ¶ 2. Serra International "is a Washington corporation with its principal place of business in Illinois" and the Serra International Foundation "is an Illinois Corporation which had its principal place of

cross motions for summary judgment, one by the insurers and one by Serra. (Teledec has been dismissed. R. 13.) The insurers argue that the relevant policies provide Serra with no coverage for Teledec's claims; Serra contends the opposite.

The insurers are right. None of the three types of coverage available under the policies—"bodily injury," "property damage," and "personal and advertising injury"—are triggered by Teledec's lawsuit against Serra. Serra implicitly concedes that bodily injury coverage is not applicable. Property damage coverage is precluded by an exclusion. And the absence of a triggering "offense" blocks out personal and advertising injury coverage.

## I. Background

There are five relevant parties. Sentinel is an insurance company. R. 25, Serra's Rule 56.1 Statement ¶ 1.[2] So is Hartford. *Id.* ¶ 2. These two insurers issued insurance policies to Serra International and the Serra International Foundation. R. 22-2, 22-3, 22-4, 22-5, Insurance Policies. The two Serra entities are not-for-profit organizations in the business of "raising money for the ostensible purpose of funding programs that foster and promote vocations to the ministerial priesthood." R. 22-1, State-Court Complaint ¶ 8; R. 25-2, State-Court Answer ¶ 8. The two Serra entities "occup[y] the same business premises … and [ ] there is some overlap between [their] officers." State-Court Answer ¶ 9. The fifth party, Teledec, provides "services,

---

business in Illinois." *Id.* ¶¶ 3-4. The amount in controversy easily exceeds $75,000, as Teledec claims damages well over that amount. *Id.* ¶ 17.

[2]The relevant facts are undisputed. For some facts, the Court cites Serra's Rule 56.1 statement admitting the fact as stated by the insurers. But where citing the underlying evidence is more precise or illuminating, the Court does so.

products, office equipment, software and computing/communications hardware related to website development and operations, data processing, office operations, office management, electronic mail and communications." State-Court Complaint ¶ 1.

From 2008 to 2014, Teledec provided Serra with certain of its "goods and services." State-Court Answer ¶ 10. Then Teledec sued both Serra entities alleging, among other things, nonpayment for those goods and services. State-Court Complaint at 1. Because insurance coverage—the ultimate issue in this case—turns on Teledec's claims and allegations against Serra, they are worth describing in detail:

**Count 1** is a breach of contract claim against just Serra International (not the Foundation). *Id*. at 2. It alleges that Serra and Teledec entered into a "Basic Ordering Agreement." *Id*. ¶ 12. Per that agreement, Teledec would "provide, sell[,] and/or lease such services and goods as may be required by Serra … pursuant to written work orders." *Id*. Serra put in three work orders under the agreement. *Id*. ¶¶ 13-18. Teledec alleges that it fulfilled all of its obligations under those orders but that, eventually, Serra stopped paying. *Id*. ¶¶ 20-21. This claim seeks $427,500 in damages, comprised of the unpaid amounts due under the contract and work orders, plus attorneys' fees, costs and interest. *Id*. ¶¶ 27-28.

**Count 2** is a breach of contract claim against the Foundation (but not Serra International). *Id*. at 8. This claim alleges that the Foundation entered into an oral agreement with Teledec, essentially agreeing to be bound along with Serra

3

International to the Basic Ordering Agreement and the work orders. *Id*. ¶ 34. It seeks the same relief as Count 1. *Id*. ¶ 46.

**Count 3** is a *quantum meruit* claim against the Foundation. *Id*. at 12. This count is pled in the alternative to Count 2. *Id*. ¶ 51. The gist of Count 3 is that even if the Foundation had no contract with Teledec, the Foundation should still pay Teledec because it got the benefit of Teledec's work under the contract with Serra International. *Id*. ¶¶ 53-58. It seeks the same relief as Counts 1 and 2. *Id*. ¶ 58.

**Count 4** is a conversion claim against both Serra entities. *Id*. at 14. Under the Basic Ordering Agreement, Teledec provided Serra with hardware, software, office equipment, and furniture. *Id*. ¶¶ 60-61. When Serra stopped paying, Teledec asked for its property back, but Serra kept it. *Id*. ¶¶ 61-70. Serra also copied the website, source code, and other forms of intellectual property Teledec had developed for Serra, which "seriously damaged" Teledec by exposing all of the intellectual property to "computer viruses." *Id*. ¶¶ 63-65. According to Teledec, all this retaining and copying of property worked a conversion worth $2,457,500, comprised of the "reasonable value" of the contract goods and $2,000,000 in "direct and consequential" damages. *Id*. ¶ 70. The claim also seeks an injunction to force Serra to return the property and, in the meantime, to prevent Serra from destroying or altering it. *Id*. at 16.

**Count 5** is a trespass to chattels claim against both Serra entities. State-Court Complaint at 16. This claim resembles the conversion claim but appears to be focused on tangible property like furniture, computer equipment, and office supplies

(and not software). *Id*. ¶ 72. It seeks the same relief as the conversion claim. *Id*. at 17.

**Count 6** is a replevin claim against both Serra entities. *Id*. at 17. This claim appears to target the return of the property identified in the Counts 4 and 5. The claim also seeks an injunction against destroying or altering the property. *Id*. ¶¶ 76-81.

**Count 7** is an Illinois Trade Secrets Act claim against both Serra entities. *Id*. at 18. This claim alleges that Teledec's software and source code are trade secrets and that Serra misappropriated those trade secrets by failing to pay for or return the software and source code. *Id*. ¶¶ 83-89. Teledec seeks over $2,500,000 in damages on this claim.

**Count 8** is a willful and wanton misconduct claim against both Serra entities. *Id*. at 20. This claim alleges that Serra and the foundation "(a) convert[ed] and misappropriate[ed] [Teledec's] Property and refus[ed] to return same; (b) … cop[ied] and us[ed] Plaintiff's website, source codes and software on two separate occasions; (c) … attempt[ed] to conceal[] from Plaintiff the conversion and theft of Plaintiff's website and other Property; and (c) … wrongfully den[ied] that any contracts existed" between the parties. *Id*. ¶ 92. According to Teledec these actions were "outrageous, intentional, and conscious and done with full knowledge that such actions and conduct would result in serious injury." *Id*. ¶ 94. Teledec seeks $2,427,500 and an injunction. *Id*.

Facing these allegations, Serra turned to its insurance carriers for defense and coverage. Serra's Rule 56.1 Statement ¶ 21. (Hartford is Serra's insurer. *Id.* ¶ 18. Sentinel is the Foundation's insurer. *Id.*) There are four relevant policies; each provides coverage under a "Business Liability Coverage Form" and an "Umbrella Liability Coverage Form." R. 22-2, 22-3, 22-4, 22-5. Each Serra entity is the named insured in two of the four policies. *Id.* Conveniently, the parties have briefed the case as though all the policies are identical—as if there was really only one insured and one policy. R. 22, Insurers' Rule 56.1 Statement ¶¶ 19-20 (quoting one policy as representative of all policies); Serra's Rule 56.1 Statement ¶¶ 19-20 (same). The Court will accept the parties' implicit representation that all the relevant language is the same across the policies (which does appear to be the case). Also, where specified by the parties, the Court has relied on applicable endorsements and amendments, rather than the original policy forms. *See* Insurers' Rule 56.1 Statement at nn.1-4.

Multiple policies notwithstanding, both insurers denied coverage. Serra's Rule 56.1 Statement ¶ 21. To back up their denials, the insurers filed this lawsuit. R. 1, Compl. They seek declarations that they owe no duty to defend or indemnify Serra in connection with Teledec's lawsuit. *Id.* ¶ 1. Hartford and Sentinel, on the one hand, and Serra and the Foundation, on the other, have filed cross motions for summary judgment. R. 20, Insurers' Mot. for Summ. J.; R. 23, Serra's Mot. for Summ. J. The insurers want the declaration they sued for. Insurers' Mot. for Summ.

6

J. ¶ 3. Serra wants to establish that the insurers are not entitled to that declaration. Serra's Mot. for Summ. J. ¶ 2.

## II. Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence" at trial, Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Analysis

### A. Illinois Insurance Law

The parties agree that Illinois law applies. R. 21, Insurers' Br. at 3, n.3; R. 24, Serra's Resp. Br. at 4 (citing Illinois cases). "Under Illinois law, '[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment.'" *Scottsdale Ins. Co. v. Walsh Constr. Co.*, 2011 WL 4538456, at *2 (N.D. Ill. Sept. 29, 2011) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1998)).

To determine if an insurer must defend its insured, the Court compares "the underlying complaint and the language of the insurance policy," resolving "[a]ny doubts as to whether particular claims fall within the policy ... in favor of coverage." *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) (applying Illinois law) (internal citations and quotation marks omitted). "If the facts alleged in the complaint fall within, or potentially within, the language of the policy, the insurer's duty to defend arises." *Am. States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75 (Ill. 1997); *see also McFatridge*, 604 F.3d at 338 (same); *Menard, Inc. v. Country Preferred Ins. Co.*, 992 N.E.2d 643, 648-49 (Ill. App. Ct. 2013) (same). As for exclusions, the burden of proving that they apply rests with the insurer. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010) (citing *Ins. Corp. of Hanover v. Shelborne Assocs.*, 905 N.E.2d 976, 982 (Ill. App. Ct. 2009)).

## B. Serra's Answer & Counterclaim

Many of Serra's coverage arguments are based on Serra's own state-court answer to Teledec's complaint and Serra's own counterclaim against Teledec. Serra's Resp. Br. at passim. But insurance coverage typically turns on the allegations in the complaint against the insured and nothing else. *See generally Am. Econ. Ins. Co. v. Holabird & Root*, 886 N.E.2d 1166, 1172 (Ill. App. Ct. 2008). That said, many Illinois Courts will consider outside information, including other pleadings, when deciding summary judgment motions dealing with coverage. *Id.* at 1172-79 (collecting and describing cases). Serra relies on these cases, but that reliance is misplaced.

Illinois insurance law's willingness to look beyond the underlying complaint has limits. One is that the insured cannot establish coverage using its own pleadings from the underlying action. *See, e.g., Nat'l Fire Ins. of Hartford v. Walsh Constr. Co.*, 909 N.E.2d 285, 292-94 (Ill. App. Ct. 2009) (rejecting insured's attempt to base coverage on insured's own pleading) (citing *Am. Econ. Ins. Co. v. DePaul University*, 890 N.E.2d 582 (Ill. App. Ct. 2008)); *see also Lexmark Int'l, Inc. v. Transp. Ins. Co.*, 761 N.E.2d 1214, 1222 (Ill. App. Ct. 2001) ("The exception … was not meant to be applied … where the only extraneous facts are supplied by the insured."). Serra has cited no cases holding otherwise. Serra's Resp. Br. at 5. So Serra's arguments based on its own pleadings must be rejected.

### C. Coverage

Having set aside Serra's arguments based on its own pleadings, the Court now compares Teledec's state-court complaint against Serra with the insurance policies to determine coverage. The policies here provide coverage for (1) bodily injury caused by an occurrence, (2) personal or advertising injury caused by an offense, and (3) property damage caused by an occurrence. R. 22-2, Sentinel Policy at 76, Business Liability Coverage Form § A.1.b.(1).(a) & (2). Not one of these three types of coverage applies to Teledec's claims against Serra.

### 1. Bodily Injury

The insurers have no duty to defend or indemnify Serra based on the policies' bodily injury coverage because Serra has waived any arguments for that coverage. "[I]t is a well-settled rule that a party opposing summary judgment must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. … If the opposing party fails to do so, the claim is deemed waived and the nonmoving party will lose the motion." *De v. City of Chicago*, 912 F. Supp. 2d 709, 733 (N.D. Ill. 2012) (internal citations omitted) (collecting cases). Here, the insurers argued that Serra could not make a case for bodily injury coverage. Insurers' Br. at 2 ("[The] Teledec suit does not assert a claim for damages because of 'bodily injury.'"). Serra did not respond. *See generally* Serra's Resp. Br. (no mention of bodily injury coverage). In their reply brief, the insurers pointed out that Serra did not respond. R. 30, Insurers' Reply Br. at 1 ("[Serra does] not dispute that the claims against [it] do not concern 'bodily injury.'"). And Serra still did not respond,

even though it could have by filing a reply brief on its cross-motion for summary judgment. *See* R. 31, Minute Entry (closing the briefing after the due date for Serra's reply brief passed). Serra's silence has waived any potential bodily-injury coverage.

## 2. Personal and Advertising Injury

Next, Serra is not entitled to coverage for personal and advertising injury for two reasons. First, the coverage extends to personal and advertising injury only if caused by one or more listed "offenses." Sentinel Policy at 76, Business Liability Coverage Form § G.17. But, as the insurers point out, the "Teledec suit does not allege any of the enumerated 'personal and advertising injury' offenses." Insurers' Br. at 9. This defeats coverage. Second, even if Teledec had alleged one of the listed offenses against it, Serra would still lose because they failed to respond to the insurers' argument on this point. *De*, 912 F. Supp. 2d at 733 (on pain of waiver, party opposing summary judgment "must inform the trial judge of the reasons … why summary judgment should not be entered summary judgment"); Insurers' Reply Br. at 11 ("[Serra] fail[s] to point to any specific allegations in the underlying complaint that fall within an enumerated offense … ."). Just like Serra's failure to expressly argue for bodily-injury coverage, Serra's silence in the face of the insurers' arguments amounts to waiver.

## 3. Property Damage

Serra is not entitled to the coverage in its policies for property damage because of the care, custody, or control exclusion to that type of coverage. Under

that exclusion, the policies do "not apply to '[p]roperty damage' to [p]ersonal property in the care, custody or control of the insured." Sentinel Policy at 82, Business Liability Coverage Form § B.1.k.(4). The exclusion applies to property that (1) is "within the possessory control of the insured at the time of the loss," and (2) that "is a necessary element of the work performed" by the insured. *Liberty Mut. Ins. Co. v. Zurich Ins. Co.*, 930 N.E.2d 573, 576-77 (Ill. App. Ct. 2010) (quoting *Caisson Corp. v. Home Indemnity Corp.*, 502 N.E.2d 1168 (Ill. App. Ct. 1986)) (affirming judgment on the pleadings for an insurer based on the exclusion); *Essex Ins. Co. v. Wright*, 862 N.E.2d 1194, 1197 (Ill. App. Ct. 2007) (affirming summary judgment to insurer based on the exclusion); *see also Nationwide Ins. Co. v. Central Laborers' Pension Fund*, 704 F.3d 522, 525-27 (7th Cir. 2013) (applying same test).

Both requirements for the exclusion's applicability are satisfied here. Teledec alleges that the Serra is "currently and wrongfully in exclusive possession of" all[3] the tangible property mentioned in the complaint. State-Court Complaint ¶ 61. And the allegations and exhibits attached to the underlying complaint describe and suggest how Serra used the hardware, furniture, and other property. State-Court Complaint at passim; R-22-1, Exhs. B-D, Work Orders (containing descriptions of property and project). Thus, the exclusion applies.

---

[3]The relevant policies only apply to tangible property. Sentinel Policy at 76, Business Liability Coverage Form § A.1.b.(1)(a). And there is only one set of allegations in Teledec's complaint dealing with tangible property. Teledec alleges that it "provided to [Serra] office equipment, … hardware, furniture, and other tangible … property …, and [Serra is] currently and wrongfully in exclusive possession of" that property, which is "owned exclusively" by Teledec. State-Court Complaint ¶ 61. So all the tangible property in the complaint is alleged to be in Serra's exclusive possession. Point being that all the property that could possibly be covered by the property damage coverage is also encompassed by the care, custody, and control exclusion.

12

That said, it could have been argued, at least as to the "work performed" requirement, that the complaint and work orders are insufficient to meet the insurers' high burden to show that the exclusion applies. *See Santa's Best*, 611 F.3d at 348 ("[I]f an insurer relies on an exclusion, it must be 'clear and free from doubt' that the exclusion applies.") (quoting *St. Paul Fire & Marine Ins. Co. v. Antel Corp.*, 899 N.E.2d 1167, 1176 (Ill. App. Ct. 2008)). But Serra waived this argument because it did not address either requirement at all in its brief. *See Nationwide Ins.*, 704 F.3d at 527 & n.5 (recognizing insured's waiver of "necessary to the work performed" arguments).

Rather than address the exclusions' requirements, Serra made three off-target arguments. First, Serra argues that exclusion cannot apply because the ownership of the property is in dispute. Serra's Resp. Br. at 10-11. But ownership is irrelevant. Insurer's Reply Br. at 10. The exclusion does not turn on ownership—it turns on "possessory control." *Liberty Mut.*, 930 N.E.2d at 576-77. Second, Serra argues that the exclusion does not apply because "[i]ndeed, at this point in the lawsuit, there is an equal possibility under the parties' allegations that the property at issue was damaged outside of the care, custody, or control of SERRA." Serra's Resp. Br. at 10-11. But Serra cites nothing to support this and it contradicts Teledec's complaint. State-Court Complaint ¶ 61 (alleging that Serra has the property in its "exclusive possession"). It is, of course, possible that Teledec's allegations are wrong, but absent proof that they are, the Court must rely on them

to decide whether the insurers must defend Serra. *Holabird & Root*, 886 N.E.2d at 1172-79. Parties cannot rely on unsupported what-ifs to defeat summary judgment.

Finally, Serra cites *Gen. Ins. Co. of Am. v. Clark Mall, Corp.*, 631 F. Supp. 2d 968, 976 (N.D. Ill. 2009). But *Clark Mall* is an extreme case that does not help Serra. There, the insurer argued for the exclusion but made "no reference to the Underlying Complaint at all." *Id.* at 976. And the complaint did not say whether the insured had possession of the property at issue at the time of the loss. *Id.* Here, by contrast, the insurers are relying on the underlying complaint to show that the exclusion applies and the complaint says explicitly that Serra has "exclusive possession" of the property. State-Court Complaint ¶ 61.

## IV. Conclusion

Serra's motion for summary judgment, R. 23, is denied. The insurers' motion for summary judgment, R. 20, is granted as to Counts 1 (bodily injury), 3 (personal and advertising injury), and 7 (care, custody, or control exclusion & property damage). Victory on those counts provides the insurers with all the relief they requested by this lawsuit, so the remaining counts are dismissed and the case will be terminated and a declaratory judgment entered in the insurers' favor.

ENTERED:

            s/Edmond E. Chang
            Honorable Edmond E. Chang
            United States District Judge

DATE: August 10, 2015